# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MOUA, | 1:10-cv-01549 GSA |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## **BACKGROUND**

Plaintiff Benjamin Moua ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income benefits pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S. Austin, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 9 & 10.)

1

## FACTS AND PRIOR PROCEEDINGS[2]

In August 2005, Plaintiff filed an application for supplemental security income benefits. AR 58-63. Plaintiff's application was denied initially and on reconsideration; thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 29, 46-57. ALJ Bert C. Hoffman held a hearing and issued an order denying benefits on May 22, 2007, finding that Plaintiff was not disabled. AR 12-18. On July 16, 2010, the Appeals Council denied review. AR 4-6.

**Hearing Testimony**

ALJ Hoffman held a hearing on May 7, 2007, in Fresno, California. Plaintiff appeared and testified; he was represented by attorney Melissa Proudian. Plaintiff was also assisted by a Hmong language interpreter. AR 169-203.

On the date of the hearing, Plaintiff was twenty-five years old. At five feet, eight inches tall, he weighs 349 pounds. AR 172. His normal weight should be about 180 pounds, however, he last weighed 180 pounds in the third grade. AR 172-173; *see also* AR 198. Plaintiff is not married and does not have any children. AR 173.

Plaintiff does not have a driver's license and does not know how to drive. He has tried more than five times to pass the exam for his permit but has been unable to do so. AR 173-174. His primary mode of transportation is the bus. AR 174. When his bike is in good working condition, he will also use it to get around. AR 174-175.

Although he graduated from high school, Plaintiff attended special education classes due to a learning disability. He has difficulty understanding instructions. AR 176. He can read the newspaper and follows sports. AR 176-180. After attending Hoover High School for three years, Plaintiff was transferred to McLane High School after hitting another student with a lock. AR 193-194. He received vocational training in 2004, learning janitorial skills. AR 180-182.

---

[2]References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

During the course, he performed janitorial duties at Fresno Adult school, but has not worked as a janitor since that time. AR 182. He believes he could perform the work of a janitor were he to be offered such a job. AR 183.

Plaintiff has no work history. He has difficulty completing job applications. AR 182. He applied for a position as a janitor at Target, using its computer application program. AR 184-185. When he was asked what type of work he would like to do, Plaintiff indicated he would like to be a master fisherman and skipper his own boat. AR 197.

Other than his weight, Plaintiff indicated his knees and back keep him from working. AR 186. Both knees hurt, and his knees are more painful than his back. AR 186-187. He feels pain in his knees when it is cold. AR 187. He does not take either prescription medication or over the counter medication to treat these conditions. AR 187-188. With regard to his weight, Plaintiff has tried dieting in the past, but always gains the weight back. AR 188. He has never been on an exercise program. AR 198.

Plaintiff can go to the store and purchase food items. AR 190-191, 198-199. He does not cook, but can heat food up in a microwave. AR 191. Around the house, Plaintiff enjoys vacuuming and watching television. AR 202. He spends time with his family, and his brothers help him. AR 201. He does not have other friends. AR 201. He does not have, nor has he ever had, a girlfriend. AR 202.

To help control his anger, Plaintiff goes to Fresno County Mental Health about once a month. AR 192-193. When he gets angry, he throws things. AR 193. He gets angry and sad when people look at him. AR 200-201. When he gets sad, he cries "[a] little bit" and takes a walk. AR 201.

**Medical Record**

The medical record was reviewed by the Court. AR 106-168. The medical evidence will be referenced below as necessary to this Court's decision.

**ALJ's Findings**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 12-18.

More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 5, 2005. AR 14. Further, the ALJ identified borderline intellectual functioning as a severe impairment. AR 14. Nonetheless, the ALJ determined that the severity of Plaintiff's impairment did not meet or exceed any of the listed impairments. AR 14-15.

Based on his review of the entire record, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform work without exertional limitations, and has the mental capacity to understand, remember and carry out simple tasks, interact appropriately with others and adapt to change in a work setting. AR 15-17.

Next, the ALJ determined that Plaintiff had no past relevant work. AR 17. Nevertheless, based upon Plaintiff's age, education, work experience and RFC, the ALJ determined there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 17-18. Therefore, the ALJ determined Plaintiff was not disabled. AR 18.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must

apply the proper legal standards. *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

**REVIEW**

In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In an effort to achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process. 20 C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f) (1994).

Here, Plaintiff argues that the ALJ erred by failing to find that he met or equaled Listing 12.05C.

**DISCUSSION**

Plaintiff asserts he is disabled because he meets or equals the requirements of Listing 12.05C for mild mental retardation. (Doc. 12 at 9-25.) More particularly, he asserts that the record establishes his IQ scores meet the requirements of the listing, and that by rejecting the opinion of the examining physician, the ALJ erred by failing to adopt limitations regarding lifting and carrying that imposed an additional and significant work-related limitation. The

Commissioner contends that the ALJ did not err, and that his findings are supported by substantial evidence and proper analysis. (Doc. 14 at 6-11.)

The Disability Evaluation Under Social Security (Blue Book September 2008) defines mental retardation as follows:

> **12.05** *Mental retardation*:  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> A.  Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
> OR
> B.  A valid verbal, performance, or full scale IQ of 59 or less;
> OR
> C.  *A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function*;
> OR
> D.  A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>   1.  Marked restriction of activities of daily living; or
>   2.  Marked difficulties in maintaining social functioning; or
>   3.  Marked difficulties in maintaining concentration, persistence, or pace; or
>   4.  Repeated episodes of decompensation, each of extended duration.

Emphasis added. *See* http://www.ssa.gov/disability/professionals/bluebook/12.00.

ALJ Hoffman found as follows:

> The claimant's borderline intellectual functioning does not meet the criteria of section 12.05, pertaining to mental retardation.  Although the claimant had Performance and Full Scale IQ scores of 70, he does not have another impairment which imposes significant additional limitations.  The claimant's mental condition causes him no restriction of the activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, and pace, and has not caused extended episodes of deterioration.

AR 14-15.[3]  The issue here is whether or not Plaintiff suffers from an additional and significant

---

[3] Clinical Psychologist Richard Engeln also recorded a Verbal IQ score of 74.  AR 117.

work-related limitation of function.

Plaintiff contends internist James Nowlan, M.D., recorded a number of range of motion findings that "are consistent with a severe impairment limiting [him] to somewhere between light and medium exertion work." He claims the ALJ failed to offer any legally sufficient reason to reject Dr. Nowlan's opinion. (Doc. 12 at 18.)

Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987). At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984). As is the case with the opinion of a treating physician, the Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer*, 908 F.2d at 506. And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The opinion of a nonexamining physician cannot, by itself, constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.

*Pitzer*, 908 F.2d at 506 n. 4; *Gallant*, 753 F.2d at 1456. In some cases, however, the ALJ can reject the opinion of a treating or examining physician, based in part on the testimony of a nonexamining medical advisor. *E.g., Magallanes v. Bowen,* 881 F.2d 747, 751-55 (9th Cir. 1989); *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995). For example, in *Magallanes*, the Ninth Circuit explained that in rejecting the opinion of a treating physician, "the ALJ did not rely on [the nonexamining physician's] testimony alone to reject the opinions of Magallanes's treating physicians . . .." *Magallanes*, 881 F.2d at 752. Rather, there was an abundance of evidence that supported the ALJ's decision: the ALJ also relied on laboratory test results, on contrary reports from examining physicians, and on testimony from the claimant that conflicted with her treating physician's opinion. *Id*. at 751-52.

Here, ALJ Hoffman found as follows:

> In October 2005 Dr. J. Nowlan performed a consultative internal medicine evaluation of the claimant and concluded that he did not have limitations on sitting, walking, or standing, though he might have slight postural limitations because of obesity. Dr. Nowlan also stated that the claimant could occasionally lift 40 pounds and frequently lift and carry 15 pounds. The examination showed that the claimant was 5'8" tall and weighed 333 pounds; his blood pressure was 138/79. The claimant had normal heart and lung sounds; normal sight and hearing; and normal reflexes and coordination. The claimant had full range of movement in his neck, back, and extremities; his strength and gait were normal, and he did not have neurological deficits or residuals of facial paralysis.[4]

AR 15, internal citations omitted. In considering the weight to afford Dr. Nowlan's opinion, the ALJ further stated:

> I give substantial weight to the consultative internist's examination findings, but disregard his conclusion that the claimant had any restrictions in lifting and carrying weight. These restrictions are not supported by the consultative examination findings or confirmed by other treatment records. Substantial weight is given to the conclusion of the state agency analyst and reviewing medical consultant that the claimant's physical impairment was non-severe.

AR 16, internal citations omitted.

---

[4] Plaintiff was diagnosed with Bell's Palsy in August 2005; it had resolved by October of that year. AR 15.

Plaintiff's assertion that the ALJ did not "offer any legally sufficient analysis as to why he ignores and rejects" the opinion is inaccurate. ALJ Hoffman provided two reasons: (1) the restrictions were not supported by the examination itself; and (2) the limitations were not confirmed by other treatment records.

First, rejecting an opinion that contains internal inconsistencies is a specific and legitimate reason to discount the opinion. *Roberts v. Shalala*, 66 F.3d at 184 (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results); *see also Buckner-Larkin v. Astrue*, 2011 WL 4361652 (9th Cir. Sept. 20, 2011). Despite noting in his general findings that "in spite of his obesity [Plaintiff's] range of motion was good," and that Plaintiff had full motor strength in all muscle groups, Dr. Nowlan opined that Plaintiff could occasionally lift and carry forty pounds and frequently lift and carry fifteen pounds, and that he "has slight postural limitations because of his weight." AR 127-128.[5] Dr. Nowlan's opinion is in fact inconsistent with his own findings and the ALJ properly rejected this portion of Dr. Nowlan's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("[t]he incongruity between Dr. Nachenberg's Questionnaire responses and her medical records provides an additional specific and legitimate reason for rejecting Dr. Nachenberg's opinion of Tommasetti's limitations").

Second, ALJ Hoffman noted a lack of confirming treatment records. A lack of supporting clinical findings is a valid reason to reject a physician's opinion. *Magallanes v. Bowen*, 881 F.2d at 751. Here, there is nothing in the medical record that supports Dr. Nowlan's limitations. In fact, this record is void of any indication that Plaintiff was physically limited in any way. Notably too, Plaintiff himself testified that he could perform the work of a janitor if such a position were to be offered to him. *See* AR 183.

---

[5] With regard to the examination findings, Plaintiff contends Dr. Nowlan's range of motion findings regarding the lumbar region, hip joints and ankle joints were not normal and affect his ability to perform work activity. (Doc. 12 at 17-18.) However, it appears that Plaintiff is simply trying to substitute his own opinion for that of the ALJ or the examining physician.

9

Finally, when the ALJ rejects the opinion of an examining physician in reliance on the non-examining physician, "reports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Andrews v. Shalala*, 53 F.3d at 1041; *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). State agency physicians determined that Plaintiff's obesity was non-severe. AR 136, 152. Here, the medical record is sparse and does not include any other information regarding either Plaintiff's obesity or limitations to lifting and carrying. Therefore, the record serves as other evidence in support of the non-examining physicians' opinions.

Because this Court has determined that Plaintiff does not suffer from an additional and significant work-related limitation of function as required by Listing 12.05C, there is no need to address Plaintiff's assertions regarding a finding of subaverage intelligence prior to the age of twenty-two.[6] Neither does this Court address the Commissioner's assertion that Plaintiff's anger management and agitation issues do not amount to a severe mental impairment; as noted by the Commissioner, Plaintiff did not make such an argument and thus has waived it for purposes of appeal.

In sum, ALJ Hoffman's findings are supported by substantial evidence and are free of legal error.

//
//
//
//
//
//

---

[6] The Court does note that in previous cases of this type, the undersigned has found the cases in support of a rebuttable presumption, in the absence of Ninth Circuit authority, to be persuasive. *See Campbell v. Astrue*, 2011 WL 444783 (E.D. Cal. Feb. 8, 2011) *16-18; *Aminzadeh v. Astrue*, 2011 WL 3322798 (E.D. Cal. Aug. 2, 2011) *7-8.

**CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security and against Plaintiff, Benjamin Moua.

IT IS SO ORDERED.

Dated:   **December 1, 2011**                              **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE

11